# SUPREME COURT.

## In the matter of the petition of MARY VAN WAGENEN.

The testator, by his will, authorized his executors to lease to his widow, for a term not exceeding fourteen years, his house in Murray street, (New-York,) at a rent of $800, they, and not the lessee, paying all taxes, assessments, insurance and repairs. The lease, however, was to be "on the condition that she should occupy the premises for her residence."

In the matter of the petition of Mary Van Wagenen.

After the death of the testator, it appeared that great changes were taking place in that part of the city, and the immediate neighborhood, which had rendered the premises unsuitable for a residence, (where the widow and family then resided,) but of far more value for business.

The question was, whether under the will there was any authority to change the residence during the lease? Under a clause of the will which authorized the executors, not only to make repairs on the real estate, (not excepting the Murray street residence,) but *alterations* and "improvements to the buildings" as they may consider most for the benefit of those interested therein, extending even to the "*removal* of existing buildings, and the erection of other buildings, of such form and construction as they (the executors) may think most expedient." The court *held*, that with the consent of the widow, the executors were clearly empowered to tear down the dwelling in Murray street, and erect a store or other structure thereon, corresponding with the altered condition of things.

*New - York, Special Term.*

ROOSEVELT, Justice. The late Hubert Van Wagenen, by his will, which was made in 1847, in addition to an allowance for the support of the children, gave his widow an income for her life, of two thousand dollars per annum. He also authorized his executors to lease to her, for a term not exceeding fourteen years, his house in Murray street, at a rent of $800; they, and not the lessee, paying all taxes, assessments, insurance and repairs. The lease, however, was to be " on the condition that she should occupy the premises for her residence."

The testator died in 1850, leaving a widow and five infant children; all of whom still continue to reside in the house before mentioned. But great changes are now taking place in that quarter of the city ; and among them is the demolition of the house adjoining the widow's dwelling, and an excavation below its foundation. What, then, is to be done in this unforeseen change of circumstances ? The lot, while unsalable on the one hand, for a residence, has, on the other, become far more valuable for business. Must the family, it is asked, on pain of forfeiture, still continue to reside there ? Is there no escape from such a gratuitous loss and inconvenience, injurious to all and beneficial to none ?

In the third clause of his will, the testator, I find, has authorized his executors, not only to make repairs on his real estate, (not excepting the Murray street property,) but *alterations* and "improvements to the buildings," as they may consider most for the benefit of those interested therein, extending even to the "removal of existing buildings, and the erection of other buildings of such form and construction as they (the executors) may think most expedient."

Under this provision, the executors, it seems to me, with the consent of the widow, are clearly empowered to tear down the dwelling referred to, and erect in its stead, out of any "personal estate" of the testator, a store or other structure corresponding with the altered condition of things, and to pay to the widow, as part of the expense of making the change, a fair equivalent for the value of her leasehold interest. Such equivalent to consist either of a sum in gross, or, which would, perhaps, be more consistent with the general spirit of the will, of a stipulation to pay her from time to time, without the power of anticipation, so much of the increased rents as shall remain after deducting the interest and taxes on the cost of the new building, and a ratable portion of the insurance, besides the eight hundred dollars per annum with which she is now chargeable.

An order in accordance with the above may be drawn and submitted to the court.